Man & Machine, Inc. v. Apple, Inc. et al                                                                                    Doc. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | | |
|---|---|---|
| MAN & MACHINE, INC.,<br>3706 West Street<br>Landover, MD 20785<br>(Prince George's County)<br><br>       **Plaintiff,**<br><br>v.<br><br>APPLE, INC.,<br>1 Infinite Loop<br>Cupertino, CA 95014<br><br>       and<br><br>CBS CORPORATION,<br>51 West 52nd Street<br>New York, NY 10019<br><br>       and<br><br>CBS OPERATIONS INC.,<br>51 West 52nd Street<br>New York, NY 10019<br><br>       **Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br><br><br><br>Civil Action No. _____ |

## COMPLAINT

1.      Plaintiff Man & Machine, Inc. ("M&M" or "Plaintiff") is a corporation, organized and existing under the laws of the State of Maryland, having its principal place of business at 3706 West Street, Landover, MD 20785.

Dockets.Justia.com

2. Defendant Apple, Inc. ("Apple") is a corporation, on information and belief, organized and existing under the laws of the State of California, having its principal place of business at 1 Infinite Loop, Cupertino, CA 95014.

3. Defendant CBS Corporation ("CBS") is a corporation, on information and belief, organized and existing under the laws of the State of Delaware, having its principal place of business at 51 West 52nd Street, New York, NY 10019.

4. Defendant CBS Operations Inc. ("CBS Operations") is a corporation, on information and belief, organized and existing under the laws of the State of Delaware, having its principal place of business at 51 West 52nd Street, New York, NY 10019.

5. Apple, CBS and CBS Operations shall be referred to herein, collectively, as "Defendants," and CBS and CBS Operations shall be referred to herein, collectively, as the "CBS Defendants."

## NATURE OF THIS ACTION

6. This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended (the Lanham Act, 15 U.S.C. §1051 et seq.). This is also an action for declaratory judgments.

7. This action arises from Apple's use and proposed continued use of the trademark MIGHTY MOUSE in violation of M&M's rights in its own MIGHTY MOUSE trademark. Apple's use of the MIGHTY MOUSE trademark takes place under color of an agreement with CBS purporting to license such use. In summary and as set forth more fully below, M&M alleges that Apple has violated M&M's intellectual property rights by unlawfully adopting and using a trademark which is identical to a trademark owned by M&M, for use in connection with a highly-similar product. Apple

2

has continued to engage in its illegal behavior even after being made aware of M&M's superior right to use of the trademark in connection with such goods and after being asked to cease and desist such unlawful behavior.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338 and 15 U.S.C. §1121. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332 because the parties are diverse and because M&M's damages exceed $75,000. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1338(b) and also to 28 U.S.C. §1367 over M&M's unfair competition claim and request for declaratory judgments.

9. This Court has personal jurisdiction over Apple because it conducts business in the State of Maryland, and because the willful actions alleged herein took place in Maryland, among other places.

10. This Court has personal jurisdiction over CBS because, on information and belief, CBS conducts business in the State of Maryland, and because the willful actions alleged herein took place in Maryland, among other places.

11. This Court has personal jurisdiction over CBS Operations because, on information and belief, CBS Operations conducts business in the State of Maryland, and because the willful actions alleged herein took place in Maryland, among other places.

12. Venue is proper in this District pursuant to 28 U.S.C. §1391 because, inter alia, the facts giving rise to the acts or omissions alleged herein took place at least in part in this District and/or because all defendants are subject to personal jurisdiction in this District.

## BACKGROUND FACTS

## M&M and Its MIGHTY MOUSE Product

13. Since its formation in or about 1982, M&M has become an international provider of computer accessories. Many of M&M's computer-accessory products are water-resistant or waterproof, which makes them especially attractive to hospitals and medical laboratories and in industrial environments.

14. Beginning in or about 2001, M&M began development of a waterproof, chemical-resistant computer mouse; M&M ultimately adopted the trademark MIGHTY MOUSE for use in connection with this product, in reference to the mouse's sturdy nature.

15. At least as early as March 16, 2004, M&M began selling and distributing its MIGHTY MOUSE computer mouse in the United States.

16. M&M's MIGHTY MOUSE computer mouse is a hand-held, button-activated input device that, when rolled along a flat surface, directs an indicator to move correspondingly about a computer screen in order to select operations or to manipulate text or graphics. M&M's MIGHTY MOUSE computer mouse is USB-compatible. Despite its unusually robust character, M&M's MIGHTY MOUSE computer mouse looks and feels like a standard optical mouse: it has an elliptical shape, left-click and right-click capability, and a cable to connect it to the user's computer.

17. Since the product's introduction, M&M has sold tens of thousands of MIGHTY MOUSE computer mouses in the United States and other countries.

18. M&M promotes and sells its MIGHTY MOUSE computer mouse via a variety of sales channels, including directly to customers over M&M's Web site.

19. M&M also sells its MIGHTY MOUSE computer mouse through numerous distributors throughout the United States, including through retailers such as Dell Inc., Hewlett-Packard, CDW Corporation, Synnex Corporation, and Henry Schein, Inc.

### M&M's Trademark Rights

20. M&M owns United States trademark application serial number 77/354,814 for the trademark MIGHTY MOUSE for use in connection with "Computer cursor control devices, namely, computer mice." See Exhibit A (copy of a print-out from the United States Patent & Trademark Office's TESS database showing the particulars of the MIGHTY MOUSE application). This application has completed its substantive review at the Patent and Trademark Office and has been approved for publication.

21. M&M also owns extensive common law rights to the MIGHTY MOUSE trademark, which it has used openly and continuously in commerce throughout the United States in connection with its product since at least as early as March 16, 2004.

### Apple's Infringement of M&M's Trademark Rights

22. Apple is among the largest sellers of computers and computer accessories in the United States.

23. On or about August 2, 2005, Apple began selling and distributing its own computer mouse under the trademark MIGHTY MOUSE.

24. On information and belief, Apple had either constructive knowledge of M&M's rights in the MIGHTY MOUSE mark at the time it launched sales of its own MIGHTY MOUSE computer mouse, and/or actual knowledge of M&M's use of the MIGHTY MOUSE mark, either through

M&M's Web site, its distributors' Web sites, or through normal industry channels, e.g., trade shows, trade publications, etc.

25. Apple did not contact M&M or its principals regarding Apple's use of the MIGHTY MOUSE trademark, either before or after commencing such use.

26. On information and belief, based on a review of Apple's Web site, Apple's MIGHTY MOUSE computer mouse is a hand-held, button-activated input device that, when rolled along a flat surface, directs an indicator to move correspondingly about a computer screen in order to select operations or manipulate text or graphics. On information and belief, based on a review of Apple's Web site, Apple's MIGHTY MOUSE computer mouse is USB-compatible and looks and feels like a standard optical mouse: it has an elliptical shape, left-click and right-click capability, and, on at least one model, a cable to connect it to the user's computer.

27. Apple promotes and sells its MIGHTY MOUSE computer mouse on the Internet. See Exhibit B (copy of a print-out from Apple's Web site).

28. On information and belief, Apple has purchased the phrase "Mighty Mouse" as a keyword from various Internet search engines, and repeatedly uses the phrase "MIGHTY MOUSE" in connection with a computer mouse in the source code and titles of its Web pages, in an effort to divert customers searching for a MIGHTY MOUSE computer mouse to Apple's own Web site.

29. Because of Apple's size, fame and large advertising budget, Apple's use of the MIGHTY MOUSE trademark has and will continue to overwhelm M&M's use of its MIGHTY MOUSE trademark and will cause M&M to lose the value of that trademark, including the goodwill and reputation resident therein, and will hinder M&M's ability to move into additional markets and/or further into those markets in which it already conducts commerce.

30. Apple's use of the trademark MIGHTY MOUSE for its computer mouse is likely to give consumers the misimpression that the larger, predatory junior user (Apple) is the source of the smaller senior user's (M&M's) goods.

31. This "reverse" confusion will directly and proximately cause M&M irreparable harm.

32. Apple's conduct will continue to create an extremely high likelihood of confusion among those consumers encountering the MIGHTY MOUSE mark. Apple's conduct has harmed and will continue to harm M&M's reputation and goodwill, and has caused the loss of sales and profits M&M would have made but for Apple's illegal acts.

33. M&M does not have an adequate remedy at law for Apple's unlawful conduct.

### The CBS Defendants' Limited Rights in the MIGHTY MOUSE Trademark and the Invalidity of Any License Agreement With Apple

34. On information and belief, CBS is a leading global media company, with positions in broadcast television, cable television, radio, outdoor advertising, and online. On information and belief, CBS also is engaged in the business of producing audio-visual entertainment programs in various media, including motion pictures and television, and licensing and merchandising efforts in connection with a variety of entertainment properties.

35. On information and belief, CBS and/or its subsidiaries have used the trademark MIGHTY MOUSE in connection with a theatrical and television series of cartoons, as well as comic books, which feature a character known as "Mighty Mouse," wearing a red cape and yellow tights.

36. On information and belief, CBS owns and operates a subsidiary, CBS Operations, which owns U.S. trademark registrations for the trademark MIGHTY MOUSE for use in connection with products unrelated to computers or computer accessories; those products include items such as pajamas, toy automobiles, jigsaw puzzles, costumes, and plush toys.

7

37. CBS Operations also owns a pending application to register the trademark MIGHTY MOUSE for use in connection with "Computer cursor control devices, namely, computer mouse[s]"; that application, which alleges a date of first use of the trademark in commerce substantially later than M&M's own first use of the MIGHTY MOUSE trademark in commerce, is the subject of an active opposition proceeding instituted by M&M.

38. On information and belief, there is no evidence that CBS, CBS Operations, or any licensee of theirs used the MIGHTY MOUSE trademark on computer accessories generally or on computer mouses specifically prior to Apple commencing its use of such mark on computer mouses on August 2, 2005.

39. The following statements appear on Apple's Web site in connection with information about Apple's MIGHTY MOUSE computer mouse: "Mighty Mouse™ & © 2007 CBS Operations Inc.", and "The Mighty Mouse trademark is used under license." See Exhibit C (copies of pages from Apple's Web site).

40. It thus appears that Apple purports to have received from CBS Operations a license to use the MIGHTY MOUSE trademark in connection with computer mouses.

41. Any such purported trademark license is invalid due to M&M's preexisting, superior rights to use of the MIGHTY MOUSE trademark in connection with computer mouses.

42. Inasmuch as Defendants had either constructive knowledge of M&M's rights in the MIGHTY MOUSE trademark at the time Apple commenced use of the MIGHTY MOUSE trademark, and/or actual knowledge of M&M's prior use of the MIGHTY MOUSE trademark, and through Defendants' conduct in entering into any purported trademark license agreement, Defendants have

8

acted in concert to willfully and maliciously injure M&M, to infringe M&M's trademark rights and goodwill in the MIGHTY MOUSE mark, and to damage M&M's reputation, trade and business.

## COUNT I
### (Trademark Infringement under the Lanham Act, 15 U.S.C. § 1125(a) -- Against Apple)

43. M&M realleges and incorporates by reference the allegations above.

44. As noted above, M&M's MIGHTY MOUSE trademark is the subject of a pending application for registration at the United States Patent & Trademark Office for use by M&M in connection with computer cursor control devices, namely, computer mouses.

45. Continuously and openly since at least as early as March 16, 2004, M&M has used the MIGHTY MOUSE mark to identify its product and to distinguish its product from those offered by others.

46. M&M has prominently displayed its trademark in connection with its computer mouse product on its Web site and in marketing and promotional materials.

47. As a result of M&M's widespread and continuous use of its MIGHTY MOUSE mark, M&M has developed extensive common law trademark rights in its MIGHTY MOUSE mark.

48. M&M's MIGHTY MOUSE mark, and the goodwill associated with it in the United States and throughout the world, are of great and incalculable value.

49. Without M&M's authorization or consent, and having knowledge of M&M's well-known and prior rights in the MIGHTY MOUSE mark, Apple has advertised, marketed, offered for sale and sold products in or affecting interstate commerce under the infringing mark MIGHTY MOUSE to the consuming public in direct competition with M&M.

50. Apple's use of reproductions, copies, counterfeits, or colorable imitations of the MIGHTY MOUSE trademark in the form of the infringing mark is likely to cause and is causing confusion, mistake and deception among the general purchasing public.

51. Apple's unauthorized use of the infringing mark on or in connection with its own product was done with notice and full knowledge that such use was not authorized or licensed by M&M. Apple has used and continues to willfully use the infringing mark with the intent to confuse, mislead or deceive customers, purchasers and members of the general public as to the origin, source, sponsorship or affiliation of Apple's products, and with the intent to divert consumers away from M&M's product.

52. As a direct and proximate result of Apple's conduct, M&M has suffered damage to its valuable MIGHTY MOUSE mark, and other damages, in an amount that exceeds $75,000.

53. M&M does not have an adequate remedy at law, and will continue to be damaged by Apple's actions unless this Court enjoins Apple from such business practices.

## COUNT II
**(Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a) -- Against Apple)**

54. M&M realleges and incorporates by reference the allegations above.

55. Continuously since at least as early as March 16, 2004, M&M has owned the MIGHTY MOUSE trademark.

56. As noted above, the MIGHTY MOUSE mark is the subject of a pending application for registration at the United States Patent and Trademark Office for use by M&M in connection with computer cursor control devices, namely, computer mouses.

57. Continuously since at least as early as March 16, 2004, M&M has used the MIGHTY MOUSE mark to identify its product and to distinguish it from those made and sold by others.

58. As described above, M&M has prominently displayed its mark on its Web site and in marketing and promotional materials.

59. Apple's conduct in using its infringing MIGHTY MOUSE trademark is likely to cause confusion and mistake and to deceive.

60. Apple's acts of trademark infringement have been committed with the intent to cause confusion and mistake, and to deceive.

61. Apple has unfairly competed with M&M as alleged herein with the intent to saturate the market and overwhelm M&M's use of its MIGHTY MOUSE trademark and, in turn, cause M&M to lose the value of that MIGHTY MOUSE trademark, to lose control over M&M's goodwill and reputation, and to lose the ability to move into additional markets and/or further into those markets in which it already conducts commerce, and with the intent to defraud the public.

62. As a direct and proximate result of Apple's conduct, M&M has suffered damage to its valuable MIGHTY MOUSE mark, and other damages, in an amount that exceeds $75,000.

63. M&M does not have an adequate remedy at law, and will continue to be damaged by Apple's actions unless this Court enjoins Apple from such business practices.

## COUNT III
### (Declaration of Non-Dilution of Trademark – Against CBS)

64. M&M realleges and incorporates by reference the allegations above.

65. Based on the facts set forth in the foregoing allegations, an actual controversy has arisen and now exists between M&M and Defendants CBS and CBS Operations regarding the issue of whether M&M's use of the MIGHTY MOUSE trademark dilutes any trademark rights possessed by CBS and/or CBS Operations, and specifically whether M&M's use of the mark constitutes dilution by

blurring or by tarnishment, in violation of the Trademark Dilution Revision Act of 2006 ("TDRA"), 15 U.S.C. §1125(c) or other applicable law. M&M denies that such dilution has occurred.

66. Absent a resolution of this matter, M&M will be uncertain as to whether its continued use of the MIGHTY MOUSE trademark exposes M&M to liability.

67. M&M has no other prompt and expeditious remedy to protect its interest.

68. Under the circumstances, a judicial declaration is necessary and appropriate at this time in order that M&M may determine its rights and duties under the TDRA or other applicable law and facts of this case.

## COUNT IV
### (Declaration of Non-Dilution of Trademark – Against CBS Operations)

69. M&M realleges and incorporates by reference the allegations above.

70. Based on the facts set forth in the foregoing allegations, an actual controversy has arisen and now exists between M&M and Defendants CBS and CBS Operations regarding the issue of whether M&M's use of the MIGHTY MOUSE trademark dilutes any trademark rights possessed by CBS and/or CBS Operations, and specifically whether M&M's use of the mark constitutes dilution by blurring or by tarnishment, in violation of 15 U.S.C. §1125(c) or other applicable law. M&M denies that such dilution has occurred.

71. Absent a resolution of this matter, M&M will be uncertain as to whether its continued use of the MIGHTY MOUSE trademark exposes M&M to liability.

72. M&M has no other prompt and expeditious remedy to protect its interest.

73. Under the circumstances, a judicial declaration is necessary and appropriate at this time in order that M&M may determine its rights and duties under the TDRA or other applicable law and facts of this case.

## COUNT V
### (Declaration that License between the CBS Defendants and Apple Is Invalid and Void – Against All Defendants)

74. M&M realleges and incorporates by reference the allegations above.

75. Based on the facts set forth in the foregoing allegations, an actual controversy has arisen and now exists between M&M and all Defendants regarding the issue of whether the purported license agreement between CBS and/or CBS Operations and Apple is valid. M&M disputes the validity of such purported license.

76. Absent a resolution of this matter, M&M will be uncertain as to whether its continued use of the MIGHTY MOUSE mark exposes M&M to liability.

77. M&M has no other prompt and expeditious remedy to protect its interest.

78. Under the circumstances, a judicial declaration is necessary and appropriate at this time in order that M&M may determine its rights under the applicable law and facts of this case.

**WHEREFORE**, Plaintiff Man & Machine, Inc. respectfully requests that this Court enter judgment in its favor and against Defendant Apple Computer, Inc., on all Counts, for (1) a permanent injunction enjoining and restraining Apple and its agents from (a) directly or indirectly using the term MIGHTY MOUSE, or any other mark, word or name similar to M&M's MIGHTY MOUSE trademark which is likely to cause confusion or mistake or to deceive; (b) offering its product with the infringing mark for sale; (c) ordering Apple to destroy all products, prints, packages, wrappers, signs, labels or other materials bearing the MIGHTY MOUSE trademark or any similar mark, word or name; (2) damages; (3) attorneys' fees on M&M's claims under the Lanham Act; (4) interest; (5) costs; (6)

declaratory relief as set forth more fully above; and (7) such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Man & Machine, Inc. hereby demands a trial by jury.

_____
Eric von Vorys, Esq.
Bar Number 14853
SHULMAN, ROGERS, GANDAL, PORDY
   & ECKER, P.A.
11921 Rockville Pike – Third Floor
Rockville, MD 20852
(301) 230-5242 (telephone)
(301) 230-2891 (fax)
evonvorys@srgpe.com

Of Counsel:

PLOEN LAW FIRM, PC
Sean C. Ploen, Esq.
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
(651) 894-6803 (telephone)
(651) 894-6801 (facsimile)